IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV438-1
3:06CR74

| | |
|---|---|
| HOWELL W. WOLTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon several of Petitioner's motions.

Petitioner has filed a Motion to Compel (Doc. No. 32). He seeks to have the Court order the Government to return him to FCI-Beckley. At the time petitioner filed the instant motion, he was being held in the Mecklenburg County, NC Jail pursuant to a writ issued in conjunction with the trial of David A. Hagen, No. 3:08-CR-93. This Court has no authority over where a federal prisoner is housed or over the duration of a federal prisoner's stay at any particular facility. Furthermore, according to the BOP inmate locator at http://www.bop.gov/index.jsp, Petitioner has since been returned to FCI-Beckley. As such, Petitioner's Motion to Compel will be denied.

Petitioner also moves for sanctions against David Freedman, one of his defense attorneys, for allegedly "submitting [an] affidavit which was knowingly perjurious to the court for improper purposes" (Doc. No. 35). More specifically, Petitioner asserts that Freedman's affidavit contains "21 counts of misrepresentations and outright perjury, 15 of which are provable by government records and attorney Freedman's own files . . . ." Petitioner asserts that he has patiently waited for

corrections to be forthcoming but that none have been made. Petitioner's motion provides no support whatsoever for a conclusion that David Freedman submitted a perjurious affidavit. Petitioner's motion will be denied.

In addition, Petitioner has filed a Motion for Discovery (Doc. No. 31). He seeks the production of "e-mail correspondence between government and attorney, David B. Freedman, in April 2006, proving his claims of government's promises in exchange for cooperation, which were later breached." Petitioner vaguely contends that he has "been made aware" of the existence of these e-mails. Petitioner also asserts that the North Carolina Bar has ordered David Friedman to release this correspondence to Petitioner but that Friedman has refused this order. Petitioner states that the Government has denied that such e-mails exist. He also seeks admissions from the Government.

Generally, habeas petitioners have no right to automatic discovery. See Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). Rule 6 allows discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." Id. The burden of demonstrating the materiality of the information is on the moving party, Stanford, 266 F.3d at 460, and "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations," Williams v. Bagley, 380 F.3d 932 (6th Cir. 2004) (quoting Rector v. Johnson, 120 F.3d 551, 562 (5th Cir.1997)).

Petitioner's request is merely an assertion that documents, more specifically e-mails, exist

2

to prove his claim. Petitioner provides no specifics as to how or why he believes this evidence exists. Petitioner's vague and generalized conclusory assertion as to the existence of these e-mails is simply insufficient to carry his burden. His request is in essence a fishing expedition. Furthermore, according to Petitioner's motion for sanctions against Freedman, Freedman's files relating to his representation of Petition have been "disgorged to" Petitioner. Consequently, after reviewing Petitioner's discovery requests and the record, this Court concludes that, at this time, the discovery requested is not warranted, and Petitioner's motion will be denied.

Petitioner has also filed a Motion for Summary Judgment with regard to his discovery motion (Doc. No. 34). Petitioner asserts in this motion that the Government's lack of a response to his Motion for Discovery constitutes a default. Petitioner is mistaken. It is the well-established practice of this Court that the Government is not required to respond to a pro se petitioner's filings unless ordered by the Court to do so. As such, the Government's lack of a responsive filing is not a default, and Petitioner is not entitled to summary judgment on that basis.

Petitioner filed another Motion for Summary Judgment (Doc. No. 36) on July 13, 2009. He argues that because the Government did not timely respond to his Motion to Vacate and because the Government has filed unsigned documents this Court should grant summary judgment in his favor and vacate his criminal sentence. The Court has reviewed the file and determined that the Government's response was, taking into consideration the extensions granted, timely filed. Also, notwithstanding Petitioner's contention to the contrary, the Government's filings were signed; the Government's documents have permissible electronic signatures. See Local Rule 5.2.1 (authorizing electronic filing).

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Compel (Doc. No. 32) is **DENIED**;

2. Petitioner's Motion for Sanctions (Doc. No. 35) is **DENIED**;

3. Petitioner's Motion for Discovery (Doc. No. 31) is **DENIED**;

4. Petitioner's Motion for Summary Judgment on Discovery Request (Doc. No. 34) is **DENIED**; and

5. Petitioner's Motion for Summary Judgment (Doc. No. 36) is **DENIED**.

This 7 January 2010.

_____
W. Earl Britt
Senior U.S. District Judge