IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV438-1
3:06CR74

| | |
|---|---|
| HOWELL W. WOLTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's "Request for Judge's Recusal Under 28 U.S.C. § 455," (Doc. No. 3), in this habeas corpus proceeding. The Government filed a response to the motion, and Petitioner subsequently filed a reply. Petitioner filed a "Motion for Summary Judgment on Recusal," (Doc. No. 37), on 13 July 2009.

On September 23, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence with this Court. Shortly thereafter, Petitioner filed the present motion seeking to have the undersigned recused from this matter based upon alleged impartiality and personal bias. In this motion, Petitioner points to the fact that he has filed a complaint of misconduct against the undersigned in the Fourth Circuit Court of Appeals and a civil case against the Government which includes charges of judicial misconduct. In addition, Petitioner contends that the undersigned cannot be fair based upon an alleged historical animus with Petitioner's co-defendant Sam Currin.

A district court should grant a motion for recusal if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Also, a judge must disqualify himself "[w]here he has a

personal bias . . . concerning a party . . . ." Id. § 455(b)(1). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). And, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Even remarks made "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. With respect to a litigant having filed a complaint of judicial misconduct against the presiding judge, bias or impartiality cannot be inferred simply from that fact. See In re Mann, 229 F.3d 657, 658 (7th Cir. 2000). "Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause." Id.

As the Fourth Circuit Court of Appeals explains:

> A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality. The test is an objective one: as we have previously observed, a judge must disqualify himself whenever his "'impartiality might reasonably be questioned.'" In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." A presiding judge is not, however, required to recuse himself simply because of "unsupported, irrational or highly tenuous speculation." Put simply, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality."

United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (citations omitted).

At the outset this Court notes that on June 9, 2008, Petitioner filed a judicial complaint against the undersigned in the Fourth Circuit regarding my supposed lack of impartiality which resulted in my acceptance of the underlying criminal case; allowing the Government to manipulate the system; improperly conducting a bond hearing; denying the right to counsel; and refusing to discipline the Assistant United States Attorney prosecuting the criminal case. On July 7, 2008, the Fourth Circuit issued a lengthy opinion dismissing Petitioner's claims as meritless and lacking in factual support. In the Matter of a Judicial Complaint Under 28 U.S.C. § 351, 04-08-90030 (4th Cir. Jul. 7, 2008); (Doc. No. 3, Ex. 2.) On August 5, 2008, Petitioner petitioned for review of the dismissal. (Doc. No. 3, Ex. 3.) On September 18, 2008, the Fourth Circuit issued a summary denial of Petitioner's appeal. (Doc. No. 3, Ex. 5.) Most recently, on May 26, 2009, the Fourth Circuit Court of Appeals dismissed Petitioner's petition for writ of mandamus seeking an order removing the undersigned from this case for alleged bias. In re Woltz, No. 08-2307, 2009 WL 1453479 (4th Cir. May 26, 2009). Arguably the Court of Appeals's findings alone support denial of the instant motion. See In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) ("A district judge's refusal to disqualify himself can be reviewed in this circuit by way of a petition for a writ of mandamus.").

Even if they did not, however, denial of the motion is still warranted. Petitioner's present motion is based upon unsubstantiated speculation. No reasonable person would have a reasonable basis for questioning my impartiality based on Petitioner's allegations.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Request for Judge's Recusal Under 28 U.S.C. § 455," (Doc. No. 3), and "Motion for Summary Judgment on Recusal,"

(Doc. No. 37), are **DENIED**.

This 20 January 2010.

W. Earl Britt
Senior U.S. District Judge