IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV438-1
3:06CR74

| | |
|---|---|
| HOWELL W. WOLTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's motions for sanctions, (Doc. No. 60), and for a judge from the Western District of North Carolina to hear the motion for sanctions, (Doc. No. 61).

As grounds for his motion for another judge to determine the motion for sanctions, Petitioner cites the supposed improper assignment of his criminal case to the undersigned and alleged bias and partiality on the part of the undersigned. The Court has previously considered these issues in conjunction with Petitioner's motions to recuse and to vacate his sentence. (See Doc. Nos. 49, 56.) The Court will not revisit its prior rulings and will deny the motion for another judge to hear the motion for sanctions.

Turning to the motion for sanctions itself, Petitioner seeks sanctions against his former attorney David Freedman for submitting an allegedly perjurious affidavit which was filed in support of the Government's response to Petitioner's motion to vacate, (see Doc. No. 21, Ex. A). Also, he requests that the Court sanction the Government for suborning this perjury and for filing

a false certificate of service attached to its response to Petitioner's motion to vacate. The Court has previously considered, and rejected, the imposition of sanctions against Freedman for the allegedly false affidavit. (See Doc. Nos. 35, 45.) The Court will not disturb its earlier decision and will not impose any sanctions on the Government based on this ground. While the Government's response to Petitioner's motion to vacate appears to have been mailed several days after the date set forth on the certificate service, the Court declines to impose sanctions on the Government where any delay in mailing was not apparently done for an improper purpose or otherwise to prejudice Petitioner. The motion for sanctions will be denied.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion for Sanctions Pursuant to Rule 11(c) (Doc. No. 60) is **DENIED**; and

2. Petitioner's Motion for Western District Judge to Hear Rule 11(c) Issue Before Court (Doc. No. 61) is **DENIED**.

This 4 January 2011.

_____  
W. Earl Britt  
Senior U.S. District Judge